IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 22-CR-30048-DWD-02 |
| | ) |
| MIKEL REED, | ) |
| | ) |
| Defendant. | ) |

**PROTECTIVE ORDER**

**DUGAN, District Judge:**

This matter comes before the Court on the United States of America's Motion for Protective Order pursuant to Fed. R. Crim. P. 16(d)(1) (Doc. 63). Defendant did not file an objection to this Motion. The Government further submitted a proposed order. Upon review of the Motion and proposed order, and for good cause shown, including for the protection of potential witnesses, the Court **GRANTS** the Motion for Protective Order and **ORDERS** as follows:

    a.    This Order applies to videos taken during controlled purchases and to search warrant affidavits. This discovery is provided by the United States (hereinafter, "discovery materials");

    b.    A Protective Order is entered directing defense counsel to maintain exclusive custody and control of these discovery materials. Counsel is prohibited from permitting anyone to copy or disseminate the content of the discovery materials to anyone, including the Defendant, unless otherwise provided in this Order. This includes copying, photographing, preparing summaries, emailing, or otherwise disseminating the content of the discovery material through alternative means. Counsel is similarly prohibited from identifying potential witnesses or any individuals who may have cooperated with the investigation in any form of written or

1

          electronic correspondence.  Counsel shall be free to review the discovery materials with his client.

c.      The discovery materials may be disclosed to co-counsel, office personnel, consultants, or expert witnesses, for the sole purpose of assisting Defendant in preparing, trying, or appealing this matter.  Only as much of the materials as may be useful for such purpose may be disclosed.

d.      The defense attorney, and any person to whom counsel discloses the content of discovery materials as permitted by this Order, must be shown a copy of this Order and be informed that such material is confidential and must be treated as such.  Any person receiving discovery materials in accordance with this Order shall not make any disclosure of the discovery materials, or their contents, absent further order of this Court.

e.      All discovery materials, and any copies thereof disclosed to third parties, shall be returned to defense counsel at the earlier of: (a) the end of this case and any appeals; (b) such time as it is no longer necessary for the person to possess such material.

f.      At the end of this case and any appeals, defense counsel shall certify in writing to attorneys for the United States that they have maintained control over the discovery materials in accordance with this Order.  At that time, defense counsel shall either destroy all discovery materials or return them to attorneys for the United States.  If defense counsel elects to destroy discovery materials rather than return it to the attorneys for the United States, counsel shall certify in writing to the attorneys for the United States that such material has been destroyed.

**SO ORDERED.**

Dated: August 14, 2023

                                                /s/ David W. Dugan
                                                DAVID W. DUGAN
                                                United States District Judge