IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-CR-30048-DWD |
| | ) |
| MIKEL REED, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Pending before the Court is Defendant Mikel Reed's Motion for Early Termination of Probation. (Doc. 250). Ms. Reed seeks the early termination of her three-year period of probation after serving 19 months of the term. The Government opposes the Motion (Doc. 251). The U.S. Probation Office has indicated that it will defer to the Court on the matter. (Doc. 250). For the following reasons, the Court denies Ms. Reed's Motion for Early Termination of Probation.

Under 18 U.S.C. § 3564(c), a court may terminate a term of probation after one year of a felony sentence if, after considering the applicable factors in 18 U.S.C. § 3553(a), it is satisfied that early termination is warranted by the defendant's conduct and the interest of justice. The Court has broad discretion in making this determination. *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006). Although Ms. Reed is statutorily eligible for early termination because she has served more than one year, eligibility alone does not justify relief. Courts have generally held that compliance with the terms of supervision, without

more, is insufficient, as such compliance is expected of every defendant. *United States v. Bartak*, No. 10–CR–174, 2013 WL 3049226, at 2 (E.D. Wis. June 17, 2013). Instead, early termination is typically reserved for cases involving new or unforeseen circumstances or exceptionally good conduct. *United States v. Caruso*, 241 F. Supp. 2d 466, 468 (D.N.J. 2003); *United States v. Schrader*, No. 11–CR–13, 2013 WL 257208, at 2 (E.D. Wis. Jan. 23, 2013).

Ms. Reed has complied with the general conditions of supervision, has paid her financial obligations, and is currently employed. However, she has not completed her special conditions of probation. She remains in the process of completing the required cognitive behavioral therapy program and has not yet completed her GED, though she is approximately two-thirds finished. These conditions were imposed to address the decision-making deficits that contributed to her serious offense, tampering with a witness, and remain central to her rehabilitation.

While the Court commends Ms. Reed's progress, it does not find that her conduct rises to the level of exceptional or changed circumstances warranting early termination. Nor would termination at this stage serve the interest of justice. Until Ms. Reed completes the remaining rehabilitative conditions, the Court cannot conclude that the goals of 18 U.S.C. § 3553(a)(2)(D) have been satisfied. Continued supervision will help ensure that she receives the educational and cognitive tools necessary to make better decisions and avoid future criminal conduct.

Accordingly, the motion for early termination of probation is **DENIED** without prejudice.

**SO ORDERED.**

Dated: February 4, 2026

_____
DAVID W. DUGAN
United States District Judge